# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**AJANI NICHOLAS, SINCERE WILLIAMS, and KEVIN NICHOLAS,**<br><br>**Defendants.**<br>_____ | 1:25-cr-00010-WAL-EAH |

**TO:** Rhonda Williams-Henry, Esq., AUSA
　　　Gabriel J. Villegas, Esq., AFPD
　　　Miguel Oppenheimer Rios, Esq.
　　　William A. Morrison, Esq.

## REPORT AND RECOMMENDATION

**THIS MATTER** comes before the Court *sua sponte* for a Report and Recommendation regarding the Government's Motion to Dismiss the Information Without Prejudice. Dkt. No. 9. On December 22, 2025, the Government filed the present Motion to Dismiss the Information filed against each of the Defendants. *Id.* The Motion was filed hours before the scheduled Initial Appearance for the Defendants—Ajani Nicholas, Sincere Williams, and Kevin Nicholas. For the reasons that follow, the Court recommends that the Government's Motion to Dismiss be granted.

The Defendants, Ajani Nicholas, Sincere Williams, and Kevin Nicholas, were charged in a 15-count Information with various federal and local offenses, including coercion and enticement of a minor, transportation of a minor with intent to engage in sexual activity, unlawful sexual contact, and aggravated rape. Dkt. No. 1. At the Initial Appearance, held on December 22, 2025, Attorney Rhonda Williams-Henry, on behalf of the Government

appeared in person, and each of the Defendants personally appeared. The Court, having determined that each Defendant was preliminarily eligible for the appointment of counsel, appointed Attorney Gabriel Villegas, of the Federal Public Defender's Office, to represent Defendant Ajani Nicholas, appointed Attorney Miguel Oppenheimer Rios to represent Defendant Williams, and appointed Attorney William A. Morrison to represent Defendant Kevin Nicholas. However, since the appointed CJA counsel were not present, Attorney Villegas stood in for Attorneys Oppenheimer Rios and Morrison during the initial appearance, with the Defendants' consent.

At the initial appearance Attorney Villegas immediately advised the Court of the Government's motion to dismiss which had been filed shortly before the start of the initial appearance. Attorney Villegas confirmed that the Defendants did not object to the Government's motion to dismiss, and he requested that this Court enter an order granting the Government's motion and dismiss the case against the Defendants. The Court explained that, while it was aware of the Government's motion to dismiss, it lacked the authority to dismiss the Information as the charges were felonies and could only be dismissed by the District Judge. Consequently, with the motion to dismiss still pending, the Court was required to advise each of the Defendants of their rights and proceed with the Initial Appearance. After being advised of their rights, each Defendant confirmed that they understood them.

During the hearing, the Government made it clear that it was not seeking detention for any of the Defendants. Instead, the Government requested that a third-party custodian be appointed for each Defendant, along with a standard unsecured bond in the amount of $20,000. Attorney Villegas, on behalf of his client and the other Defendants, argued that,

under the circumstances regarding the Government's pending motion to dismiss the Information, the Defendants should be released on their own recognizance.

The Court agreed with Attorney Villegas that the Defendants should be released on their own recognizance, given that the pending motion to dismiss would more than likely be granted because the Defendants did not oppose the motion. However, the Court also explained that due to the serious nature of the charges—particularly those governed by the Adam Walsh Child Protection and Safety Act of 2006—the Defendants would have to comply with certain release conditions.

In light of these considerations, the Court set the following conditions of release: the Defendants were to be released on their own recognizance, they would each be required to reside at specified respective addresses, and they were to report to the Office of Probation and Pretrial Services. Additionally, the Defendants were to avoid all contact, directly or indirectly, with any victim or witness in this matter. The Court also ordered that the Defendants be subject to standalone monitoring and be placed on GPS monitoring. The Court further ordered that upon dismissal of the charges, their bail and release conditions would be exonerated. Each of the Defendants advised the Court that they understood the release conditions set by this Court. The Defendants were ordered to be released after processing.

Considering the Government's motion to dismiss without prejudice, and each of the Defendant's confirmation to the Court, through Counsel, that they did not oppose the Government's motion to dismiss, and this Court further being satisfied that each of the Defendants understood their rights as stated to them during the initial appearance, this

*United States v. Nicholas*
1:25-cr-00010-WAL-EAH
Report and Recommendation
Page 4

Court finds that it is appropriate to recommend to the District Judge that the Government's Motion to Dismiss Without Prejudice be granted, and will so recommend.

Accordingly, the Court **RECOMMENDS** that the Government's Motion to Dismiss the Information Without Prejudice, Dkt. No. 9, be **GRANTED**.

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice, 28 U.S.C. § 636(b)(1), and must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis of such objection." LRCi 72.3. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. *See, e.g., Thomas v. Arn*, 474 U.S. 140 (1985).[1]

ENTER:

Dated: December 22, 2025

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE

---

[1] While a party has the right to object to any Report and Recommendation issued by this Court to a District Judge, in this instance the District Judge need not await the fourteen-day period before acting on the Report and Recommendation as the Government's Motion to Dismiss without prejudice is essentially unopposed based on the record before the Court.