**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Criminal Action No. 2025-0010** |
| ) | |
| **AJANI NICHOLAS, SINCERE WILLIAMS,** ) | |
| **and KEVIN NICHOLAS,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**Attorneys:**
**Rhonda Williams-Henry, Esq.**
St. Croix, U.S.V.I.
    *For the United States*

**Gabriel J. Villegas, Esq.**
St. Croix, U.S.V.I.
    *For Defendant Ajani Nicholas*

**Miguel Oppenheimer, Esq.**
San Juan, P.R.
    *For Defendant Sincere Williams*

**William A. Morrison, Esq.**
Tybee Island, GA
    *For Defendant Kevin Nicholas*

**ORDER**

THIS MATTER comes before the Court on the Government's "Motion to Dismiss Information without Prejudice" ("Motion to Dismiss") (Dkt. No. 9) and the Report and Recommendation ("R&R") (Dkt. No. 29) issued by Magistrate Judge Emile A. Henderson III. In its Motion to Dismiss, the Government seeks to dismiss without prejudice the above-captioned matter. The Government represents that such dismissal is "in the best interest of justice." (Dkt. No. 9 at 1). The R&R recommends that the Government's Motion be granted. (Dkt. No. 29 at 1).

Magistrate Judge Henderson held an Initial Appearance in the instant matter on December 22, 2025. *Id.* At the Initial Appearance, Attorney Gabriel J. Villegas, Esq., counsel for

Defendant Ajani Nicholas—who also stood in for Criminal Justice Act counsel appointed at the Initial Appearance who were not present—represented that Defendants Ajani Nicholas, Sincere Williams, and Kevin Nicholas ("Defendants") did not object to the Government's Motion to Dismiss. *Id. at 2.*

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed R. Crim. P. 48(a).[1] A court is "generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is 'clearly contrary to manifest public interest.'" *United States v. Benjamin*, 2025 WL 1918021 at *2 (D.V.I. July 12, 2025) (citation omitted). A presumption of good faith attaches to the Government's decision to seek dismissal under Rule 48(a).[2] *Lang*, 2021 WL 2169513 at *1.

In light of the Government's representation that such dismissal is "in the best interest of justice" (Dkt. No. 9 at 1), the R&R's confirmation that Defendants do not object to the Motion (Dkt. No. 29 at 3)—thus making no attempt to rebut the presumption of good faith afforded to the Government's decision to seek dismissal under Rule 48(a)—and the R&R's recommendation that the Court grant the Motion, the Court finds that dismissal without prejudice of the above-captioned

---

[1] Rule 48(a) is "primarily intended to protect a defendant from prosecutorial harassment." *In re Richards*, 213 F.3d 773, 786 (3d Cir. 2000) (citation omitted); *see also United States v. Lang*, 2021 WL 2169513 at *1 (D.V.I. May 27, 2021) ("Rule 48(a)'s principal purpose is to protect criminal defendants from 'prosecutorial harassment,' which is the 'danger that a prosecutor will engage in a cycle of levying and dismissing charges against a particular defendant.'"). Situations in which dismissal would be "clearly contrary to manifest public interest" include cases where the prosecutor appears "motivated by bribery, animus towards the victim, or a desire to attend a social event rather than trial." *Richards*, 213 F.3d at 787-88.

[2] A defendant can rebut this presumption "by showing that the prosecution has sought dismissal in bad faith or for reasons contrary to the public interest; or has failed to sufficiently articulate its reasons for dismissal." *United States v. Etienne*, 2009 WL 1404808 at *2 (D.V.I. May 15, 2009). "If a defendant fails to rebut the presumption of good faith, it is customary for a court to grant the government's Rule 48(a) motion to dismiss without prejudice." *Lang*, 2021 WL 2169513 at *1.

action is appropriate. Accordingly, the Court will grant the Government's Motion and dismiss the instant case without prejudice.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that the "Report and Recommendation" (Dkt. No. 29) issued by Magistrate Judge Emile A. Henderson III is **ADOPTED**; and it is further

**ORDERED** that the Government's "Motion to Dismiss Information without Prejudice" (Dkt. No. 9) is **GRANTED**; and it is further

**ORDERED** that the above-captioned matter is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of Court is directed to mark this case **CLOSED**.

**SO ORDERED**.

Date: December 23, 2025               _____/s/_____
                                      WILMA A. LEWIS
                                      Senior District Judge